USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 4-25-18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA *ex rel.* SONNY KAPLAN and STATE OF NEW YORK *ex rel.* SONNY KAPLAN,

Plaintiffs,

vs.

NORTHERN METROPOLITAN, INC., CHEVRE LIADY, NUSACH HOARY, NORTHERN RIVERVIEW HEALTH CARE CENTER, INC., NORTHERN SERVICES GROUP, INC., and NORTHERN METROPOLITAN FOUNDATION FOR HEALTHCARE, INC.,

Defendants.

16 Civ. 2180 (ALC)

---

## STIPULATION AND ORDER OF SETTLEMENT AND RELEASE BETWEEN UNITED STATES AND RELATOR

WHEREAS, this Stipulation and Order of Settlement and Release (the "Relator Settlement Stipulation") is entered into between the United States of America (the "United States" or "Government"), by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, and the relator Sonny Kaplan ("Relator"), by his authorized representatives;

WHEREAS, on or about March 24, 2016, the Relator filed a complaint (the "Relator Complaint") under the *qui tam* provisions of the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, (the "Relator's Action");

WHEREAS, on or about March 5, 2018, the United States filed a Notice of Partial Intervention in the Relator's Action;

1

WHEREAS, the United States, the Relator, and defendants Northern Metropolitan, Inc. ("NMET"), Northern Riverview Health Care Center, Inc. ("Northern"), and Northern Services Group, Inc. ("NSG," and together with Northern and NMET, the "Settling Defendants") entered into a Stipulation and Order of Settlement and Dismissal (the "Settlement Agreement"), agreeing to resolve certain allegations in the Relator's Action;

WHEREAS, the Settlement Agreement resolved allegations that between January 1, 1998 and December 31, 2017, the Settling Defendants retained certain Medicaid reimbursements (the "Overpayments") that they received starting in 1998, due to an inadvertently erroneous computation by the New York State Department of Health ("DOH"), of depreciation compensable under Medicaid; that Defendants knew that DOH's calculation of the depreciation was mistaken; and that Defendants knew that they were not entitled to the Overpayments, but failed to take any action to return the Overpayments or alert any governmental personnel of the error (the conduct described in this paragraph is the "Covered Conduct");

WHEREAS, pursuant to the Settlement Agreement, the Settling Defendants have agreed to pay the United States a settlement of $211,686.18 (the "Settlement Amount");

WHEREAS, the Relator has asserted that, pursuant to 31 U.S.C. § 3730(d)(1), he is entitled to receive a portion of the Settlement Amount (the "Relator's Claim"); and

WHEREAS, the Parties hereto mutually desire to reach a full and final compromise of the Relator's Claim against the United States for a portion of the Settlement Amount pursuant to the terms set forth below,

NOW, THEREFORE, in reliance on the representations contained herein and in consideration of the mutual promises, covenants, and obligations in this Relator Settlement

Stipulation, and for good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1. Contingent upon receipt by the United States, and within a reasonable time period thereafter, of the Settlement Amount, the United States will pay $42,337.24 (the "Relator's Share") to the Relator by electronic funds transfer. The obligation to make this payment to Relator is expressly conditioned on, and arises only with, the receipt by the United States of the Settlement Amount as set forth in the Settlement Agreement. In the event that the United States does not receive the Settlement Amount as required by the Settlement Agreement, the United States shall have no obligation to make a payment to Relator.

2. Relator agrees that this settlement is fair, adequate, and reasonable under all circumstances, and will not challenge the Settlement Agreement, including but not limited to the Settlement Amount, pursuant to 31 U.S.C. § 3730(c)(2)(B), and expressly waives the opportunity for a hearing on any such objection, pursuant to 31 U.S.C. § 3730(c)(2)(B).

3. In agreeing to accept payment of the Relator's Share, and upon payment thereof, Relator, for himself and his heirs, successors, attorneys, agents and assigns, releases and is deemed to have released and forever discharged the United States and its agencies, officers, employees, servants, and agents, from any claims pursuant to 31 U.S.C. § 3730 for a share of the Settlement Amount, and from any and all claims against the United States and its agencies, officers, employees, servants, and agents, arising from or relating to the allegations concerning the Covered Conduct in the Relator's Action or the filing of the Notice of Partial Intervention.

4. This Relator Settlement Stipulation does not resolve or in any manner affect any claims the United States has or may have against Relator arising under Title 26, U.S. Code (Internal Revenue Code), or any claims arising under this Relator Settlement Stipulation.

5. This Relator Settlement Stipulation shall inure to the benefit of and be binding only on the Parties, their successors, assigns, and heirs.

6. This Relator Settlement Stipulation shall become final, binding, and effective only upon entry by the Court.

7. This Relator Settlement Stipulation constitutes the entire agreement of the United States and Relator with respect to the subject matter of this Relator Settlement Stipulation and may not be changed, altered, or modified, except by a written agreement signed by the United States and Relator specifically referring to this Relator Settlement Stipulation.

8. This Relator Settlement Stipulation is effective on the date that it is entered by the Court.

9. This Relator Settlement Stipulation may be executed in counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement.

*[remainder of this page intentionally blank]*

Agreed to by:

**THE UNITED STATES OF AMERICA**

Dated: New York, New York
       March 26, 2018

By: _____

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

Peter Aronoff
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.:  (212) 637-2697
Fax:   (212) 637-2717
*Attorney for the United States of America*

**RELATOR**

Dated: March 18, 2018

By: _____
Sonny Kaplan
*Relator*

Dated: New York, New York
    3/16, 2018

By: _____
Philip R. Michael, Esq.
Michael Law Group
326 West 246th Street
Bronx, N.Y. 10471
(917) 689-1734
phil.michael.law.group@gmail.com

Mark H. Schwartz, Esq
Law Office of Mark H. Schwartz
144 East 44th Street, 8th Floor
New York, N.Y. 10017
(212) 389-7819
markschwartz@mhschwartz.com

*Attorneys for Relator*

SO ORDERED:

_____
HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

Dated: Apr 25, 2018

6